GRANGE DEBRIS BOX AND
WRECKING COMPANY,
Petitioner

v.

NATIONAL LABOR RELATIONS
BOARD, Respondent.

Nos. 05–1440, 06–1011.

United States Court of Appeals,
District of Columbia Circuit.

Dec. 21, 2006.

J. Mark Montobbio, Ragghianti & Freitas LLP, San Rafael, CA, for Petitioner.

Aileen A. Armstrong, Deputy Associate General Counsel, David S. Habenstreit, Kathleen Eileen Lyon, National Labor Relations Board, General Counsel, Washington, DC, for Respondent.

Before: HENDERSON and GRIFFITH, Circuit Judges, and SILBERMAN, Senior Circuit Judge.

### JUDGMENT

This case was considered on a petition for review and cross-application of an order of the National Labor Relations Board ("Board") and was briefed and argued by the parties.

It is **ORDERED AND ADJUDGED** that the petition for review is denied, and the Board's cross-application for enforcement is granted.

Teamsters Union, Local 624 (the "Union") filed a petition with Region 20 of the Board seeking to represent seven drivers who perform work for Grange Debris Box and Wrecking Company, Inc. ("Grange"). A hearing on the petition was held before the Board's Regional Director to determine whether the drivers were "employees" or "independent contractors" under the National Labor Relations Act (the "Act").[1] The Regional Director held that the drivers were employees and ordered an election to determine whether the drivers wanted to join the Union. Grange filed a request for review with the Board that was denied. The drivers subsequently elected to join the Union and the Re-

---

1. Section 2(3) of the Act provides that the term "employee" shall not include "any individual having the status of an independent contractor." 29 U.S.C. § 152(3).

gional Director issued a Certification of Representation certifying the Union as the exclusive collective-bargaining representative of the drivers. Several days after the certification, the Union requested a meeting with Grange, but Grange refused to meet. A complaint alleging refusal to bargain was filed against Grange, and the Board subsequently concluded that Grange had engaged in an unfair labor practice in violation of the Act by refusing to meet and bargain with the Union. Grange appeals to this Court contending that the Board's decision that Grange engaged in an unfair labor practice should be vacated because the underlying determination—that the drivers were employees—was in error.

Because Grange does not contest that its refusal to meet with the Union was a violation of the Act, the only question before us is whether the Board erred in determining that the drivers were employees rather than independent contractors. Because this is a factual question, we uphold the Board's findings "if supported by substantial evidence on the record considered as a whole...." 29 U.S.C. § 160(e).

In *Corporate Express Delivery Sys. v. NLRB*, 292 F.3d 777 (D.C.Cir.2002), we indicated that "the most important among several elements useful in distinguishing an employee from an independent contractor" was not simply "the amount of control that the company has over the way in which the worker performs his job," but "whether the putative independent contractors have a significant entrepreneurial opportunity for gain or loss." *Id.* at 780 (internal quotation marks and citation omitted). Because the drivers here are prohibited from owning more than one truck, hiring their own employees, and working for other employers, they lack essential entrepreneurial opportunities that are the hallmarks of independent con-

tractors. *See Standard Oil Co.*, 230 N.L.R.B. 967, 972 (1977) ("[I]t is clear that, unlike the genuinely independent businessman, the drivers' earnings do not depend largely on their ability to exercise good business judgment, to follow sound business practices, and to be able to take financial risks in order to increase their profits.") We therefore conclude that there is substantial evidence supporting the Board's conclusion that the drivers are "employees" under the Act.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing *en banc. See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.